**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(CIVIL DIVISION)**

| | | |
|---|---|---|
| ANGELA FRIES | ) | |
| 2501 East Johnson Drive | ) | |
| #D16 | ) | |
| Nevada, Missouri 64772 | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:06-cv-01620-GK |
| | ) | |
| vs. | ) | JURY TRIAL REQUESTED |
| | ) | |
| ASTRAZENECA | ) | |
| PHARMACEUTICALS LP, | ) | |
| 1800 Concord Pike | ) | |
| Wilmington, Delaware 19850 | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION BY DEFENDANT ASTRAZENECA
PHARMACEUTICALS LP TO STAY ALL PROCEEDINGS PENDING
TRANSFER TO MULTIDISTRICT LITIGATION PROCEEDING**

## I.    INTRODUCTION

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") moves this Court to stay all

proceedings in this action, including the November 16, 2006 Initial Scheduling Conference,

pending its transfer to *In re Seroquel Products Liability Litigation*, MDL No. 1769 ("*In re

Seroquel*"), the multidistrict litigation ("MDL") proceeding that has been established in the

Middle District of Florida to coordinate all federal products liability actions involving Seroquel®

(the "Seroquel® products liability actions").  Plaintiff's counsel does not oppose this motion.

*See* § II, *infra*.

## II.    STATEMENT REQUIRED BY LOCAL RULE 7(m)

As required by Local Rule 7(m), the undersigned counsel discussed this motion with

opposing counsel prior to filing, in a good-faith effort to determine whether there was any

opposition.  Plaintiff's counsel does not oppose this motion.

## III.     BACKGROUND

### A.     <u>MDL-1769</u>

On July 6, 2006, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a transfer order (the "Order") establishing MDL Proceeding No. 1769, titled *In re Seroquel Products Liability Litigation* (attached as Exhibit A).  The Order directed that 92 of the 114 actions that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Middle District of Florida before the Honorable Anne C. Conway.[1]  In the Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation listed on Schedules A and B involve common questions of fact, and that their centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions are brought by persons allegedly injured by AstraZeneca's Seroquel, an atypical antipsychotic medication  that allegedly can cause diabetes and related disorders.  Common factual questions for the actions in this docket concern, inter alia, i) the development, testing, manufacturing and marketing of Seroquel, and ii) the defendants' knowledge concerning the drug's possible adverse effects.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pre-trial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Exh. A at 2.  The Panel also stated that it had been notified of "over 120 [additional] related actions pending in multiple federal districts" and that those actions "will be treated as potential tag-along cases."  *Id*. at 1 n.1.

---

[1] The Panel did not transfer 22 of the cases because "[p]laintiffs in those actions have dismissed their claims against AstraZeneca."  Order at 2.

Further, AstraZeneca has provided additional notices to the Panel of Seroquel® tag-along actions pending in federal district court not already transferred to the Middle District of Florida. The Panel already has issued ten conditional transfer orders transferring related Seroquel® actions to Judge Conway's court based on the information received from AstraZeneca. For example, the JPML recently transferred *Elam v. AstraZeneca Pharmaceuticals LP,* No. 1:06-cv-00967 (D.D.C.) (Kennedy, J.), from this District Court to the MDL. *See* Conditional Transfer Order (CTO-10), *In re Seroquel Products Liability Litigation*, No. 1769 (JPML Oct. 12, 2006) (attached as Exhibit B). On October 11, 2006, AstraZeneca notified the Panel of the present action's status as a potential tag-along action. *See* October 11, 2006, letter to the Clerk of the Panel ("October 11 Letter," attached as Exhibit C).

## B.    <u>The Instant Action</u>

It is clear from the face of the Complaint that this case, like the other Seroquel® products liability actions that already have transferred to MDL 1769 focuses on the alleged increased health risks resulting from taking Seroquel®, and whether AstraZeneca knew of these alleged increased risks and failed to disclose them to the medical community and consumers. As noted, AstraZeneca already has informed the MDL Panel of this related action. *See* October 11 Letter at 2. Accordingly, this action should soon be transferred to the Middle District of Florida, and jurisdiction will then immediately be transferred to Judge Conway's court.

## IV.    ARGUMENT

The Court should stay all further proceedings in this action pending its transfer to MDL-1769. The authority of a federal court to stay proceedings is well-established. *See, e.g., Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts analyze three

factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

### A.    <u>Judicial Economy Warrants a Stay</u>

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. § 1407(a). As the MDL Panel noted in its Order: "Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pre-trial rulings; and conserve the resources of the parties, their counsel and the judiciary." Exh. A at 2; *see also In re Cal. Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001) (same); *In re Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, No. 1332, 2000 U.S. Dist. LEXIS 5559, at *6 (J.P.M.L. Apr. 25, 2000) (same where cases "arise from a common factual core"); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) (same). Where, as here, the Panel already has coordinated all related actions before a single judge, there is no question that a stay of these proceedings will promote judicial economy. Indeed, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (citing cases).

It is well-established that a district court is best served not expending resources "familiarizing itself with the intricacies of a case" that will be coordinated for pretrial management before a transferee judge. *Rivers,* 980 F. Supp. at 1360; *see also, e.g., Gorea v.*

*Gillette Co.*, No. 05-2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case [because]. . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). Granting a stay of this action pending its inevitable transfer to MDL-1769 will conserve the resources of this Court and prevent duplicative discovery and pretrial management efforts. *See Rivers,* 980 F. Supp. at 1360 ("[A]ny efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation."); *see also*, *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02-CV-853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("If the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

### B.    AstraZeneca Will Be Prejudiced Absent a Stay

Absent a stay, AstraZeneca would be prejudiced. *See, e.g.*, *American Seafood, Inc. v. Magnolia Processing*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). There are currently more than 200 Seroquel® actions that have been or will be coordinated in MDL-1769. If individual district courts permitted cases to proceed in the small window between the time the Panel was notified of potential tag-alongs and those cases were transferred to Judge Conway, unnecessary and duplicative work would be undertaken, and inconsistent rulings might be entered in hundreds of individual cases. The parties should not be required to engage in needless motions practice and case planning obligations during the short period prior to docketing in Judge Conway's court. *See, e.g., Wilbanks v. Merck & Co., Inc.*, No. 05- 1241, 2005 WL  2234071, at * 1 (W.D. Tenn.

Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant.").

The granting of a stay will not result in prejudice to any party.  As noted, Plaintiff's counsel does not oppose this stay request.  No party has expended substantial resources to date; this action is still in its infancy and discovery has not yet begun.

## V.    CONCLUSION

For these reasons, AstraZeneca respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Middle District of Florida.

ASTRAZENECA PHARMACEUTICALS LP

Dated:  October 20, 2006                    BY:  ____/s/  Rebecca K. Wood_____
                                               Rebecca K. Wood, D.C. Bar No. 473616
                                               Frank R. Volpe, D.C. Bar No. 458791
                                               SIDLEY AUSTIN LLP
                                               1501 K Street, N.W.
                                               Washington, D.C. 20005
                                               Telephone:    (202) 736-8000
                                               Facsimile:     (202) 736-8711
                                               E-mail:        fvolpe@sidley.com
                                                              rwood@sidley.com

                                               Attorneys for AstraZeneca Pharmaceuticals LP

*Of Counsel:*

Michael W. Davis
Tamar B. Kelber
Rodney K. Miller
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  (312) 853-7000
E-Mail:       mdavis@sidley.com
                tkelber@sidley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 20th day of October, 2006, served a true and correct copy of the foregoing on below-listed counsel of record in this proceeding, by electronic means, as well as by United States mail, properly addressed and first class postage prepaid.


                                            _____/s/  Rebecca K. Wood_____
                                                      Rebecca K. Wood

**COUNSEL OF RECORD**:

J. Christopher Ide
Michael J. Miller
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (CIVIL DIVISION)

| | | |
|---|---|---|
| ANGELA FRIES | ) | |
| 2501 East Johnson Drive | ) | |
| #D16 | ) | |
| Nevada, Missouri 64772 | ) | |
| | ) | |
|     Plaintiff, | ) | Case No.: 1:06-cv-01620-GK |
| | ) | |
| vs. | ) | JURY TRIAL REQUESTED |
| | ) | |
| ASTRAZENECA | ) | |
| PHARMACEUTICALS LP, | ) | |
| 1800 Concord Pike | ) | |
| Wilmington, Delaware 19850 | ) | |
| | ) | |
|     Defendant. | ) | |

### [PROPOSED] ORDER

Came on for consideration Unopposed Motion by Defendant AstraZeneca Pharmaceuticals LP to Stay All Proceedings Pending Transfer to Multidistrict Litigation Proceeding.

After due consideration, IT IS ORDERED that Defendant AstraZeneca Pharmaceuticals LP's motion is GRANTED.  All pretrial proceedings, including the November 16, 2006 Initial Scheduling Conference, are hereby STAYED pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

Signed this ____ day of _____ at _____, _____.

_____
The Honorable Gladys Kessler

Copies To:

Rebecca K. Wood                          J. Christopher Ide
Frank R. Volpe                           Michael J. Miller
Sidley Austin LLP                        Miller & Associates
1501 K. Street, N.W.                     105 North Alfred Street
Washington, D.C. 2005                    Alexandria, Virginia 22314